UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                   Case No. 12-cr-20392

v.                                          HONORABLE STEPHEN J. MURPHY, III

DUANE MONTGOMERY,

    Defendant.
                                            /

## ORDER GRANTING REQUEST FOR SUBPOENA FOR LARRY LAFOND

Defendant Duane Montgomery was charged with mail fraud and wire fraud arising from monetary claims he allegedly filed in connection with the Deep Water Horizon oil spill in the Gulf of Mexico. After a hearing on August 29, 2012, Montgomery now represents himself. On March 12, 2013, Montgomery filed an ex parte motion with the Court requesting subpoenas for more than eighty potential witnesses under Criminal Rule 17.

## LEGAL STANDARD

Criminal Rule 17 provides that:

> the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.

Fed. R. Crim. P. 17(b). To issue a subpoena, the defendant must make "a preliminary showing that the witness is necessary to an adequate defense." *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990) (internal quotations omitted). A witness is necessary to an adequate defense if "relevant, material and useful to an adequate defense." *Id.* (citing *United States v. Greene*, 497 F.2d 1068, 1079 (7th Cir. 1974)).

Put another way, if "the accused avers facts which, if true, would be relevant to any

issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous." *Id.* at 231 (quoting *United States v. Barker*, 553 F.2d 1013, 1020 (6th Cir.1977)). But defendants do not have "an unfettered right to subpoenas without discretionary review by the district court." *Id.* A defendant must put forth a specific showing to the Court to show a witness is relevant and necessary. The Sixth Circuit has continually held that "generalities . . . are insufficient to make out a satisfactory showing that the witnesses are needed." *United States v. Reaves*, 194 F.3d 1315 (6th Cir. 1999) (quoting *Barker*, 553 F.2d at 1021).

## BACKGROUND

This is a criminal prosecution for five counts of mail fraud and wire fraud, 18 U.S.C. §§ 1341 and 1343. Montgomery is charged with defrauding BP, the BP Gulf Coast Claims Facility ("GCCF"), and the U.S. Coast Guard's National Pollution Fund Center ("NPFC"). He allegedly submitted false claims for damage he claimed a boat of his sustained during the Deepwater Horizon oil spill of 2010. The indictment charges that between June 2010 and September 2011, Montgomery devised and executed a scheme to obtain money from BP, GCCF, and NPFC under those false pretenses using the interstate wire and mails. *See* Indictment at 2-3, ECF No. 3. In total, the indictment charges that Montgomery attempted to obtain over $800,000 for his allegedly damaged boat.

## DISCUSSION

Of Montgomery's requested subpoenas, one of them is for a detective Nicole Tomasovich. The Court understands the nature of her testimony to be that she ran a

computer records request for possible insurance investigations at the National Insurance Crime Bureau ("NCIB"). After a diligent investigation, the government represented that Tomasovich is currently unavailable, but that Larry LaFond, who is an investigator for the NCIB, can and will testify to the same search. In the interests of trial management, and the fact that LaFond will actually offer direct, rather than hearsay, testimony regarding records searches regarding Montgomery, the Court views this as an acceptable witness.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's request to issue a subpoena under Criminal Rule 17(b) is **GRANTED** for witness Larry LaFond of the National Insurance Crime Bureau. A subpoena is ordered **ISSUED** under Criminal Rule 17(b) for this witness, costs and fees to be paid in the same manner as those paid for witnesses the government subpoenas.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 2, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 2, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Case Manager